**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAVID BURNS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br>GLENN ASSOCIATES, INC.,<br><br>Defendant. | Civil Case Number:<br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, DAVID BURNS (hereinafter, "Plaintiff"), a Massachusetts resident, brings this Class Action Complaint by and through the undersigned attorneys against Defendant DAVID BURNS (hereinafter, "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a natural person and a resident of the State of Massachusetts and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

8. Defendant is a debt collector with its principal office located at 155 West Street, Suite #10, Wilmington, Massachusetts 01887.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

10. Defendant is a "debt collectors," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## **ALLEGATIONS OF FACT**

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

12. Some time prior to June 30, 2020, an obligation was allegedly incurred to MELROSE WAKEFIELD HEALTHCARE.

13. The MELROSE WAKEFIELD HEALTHCARE obligation arose out of a transaction in which money or services, which are the subject of the transaction, are primarily for personal, family or medical purposes.

14. The alleged MELROSE WAKEFIELD HEALTHCARE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

15. MELROSE WAKEFIELD HEALTHCARE is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

16. At some point, MELROSE WAKEFIELD HEALTHCARE or a purchaser, assignee, or subsequent creditor contracted the Defendant to collect the alleged debt.

17. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

18. On or about June 30, 2020, Defendant sent to the Plaintiff a collection letter (the "Letter") regarding the alleged consumer debt. *See* **Exhibit A.**

19. Upon information and belief, the Letter was the first communication from the Defendant to the Plaintiff with regards to the alleged consumer debt.

20. Sometime after June 30, 2020, Plaintiff received the letter and read it.

21. The Letter states in part:

|  | AMOUNT | PAY THIS AMOUNT |
|---|---|---|
| RE: MELROSE WAKEFIELD HEALTHCARE CREDITOR # V00107409369 | $82.00 DATE OF SERVICE : 12/11/2019 | $82.00 |
| RE: MELROSE WAKEFIELD HEALTHCARE CREDITOR # V00107409369 | $82.00 DATE OF SERVICE : 12/11/2019 | $82.00 |
|  |  | TOTAL DUE: $164.00 |

22. Upon information and belief, Defendant was not entitled to charge Plaintiff an amount equaled to double that of the amount due, or any other amount in addition to the actual amount due.

23. Pursuant to the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

24. Pursuant to the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

25. Pursuant to the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector must send the consumer a written notice stating the amount of the debt.

26. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed.  Plaintiff was harmed by being subjected to deceptive and misleading collection practices, from which he had a substantive right to be free, by being subjected to the increased material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, would make payment decisions that he may not have had he be given only truthful information, and by being deprived of information to which he was statutorily entitled to receive.

27. Defendant's actions as described herein are part of a pattern and practice used to collect

consumer debts.

## CLASS ALLEGATIONS

28. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class") consisting of: a) All consumers who have an address in the state of Massachusetts b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to MELROSE WAKEFIELD HEALTHCARE d) which attempts to collect an amount not expressly authorized by the agreement creating the debt or permitted by law  e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

29. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

30. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

31. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §1692e, §1692f, and §1692g.

32. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

33. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

34. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as *Exhibit A*, violate 15 U.S.C. §1692e, §1692f, and §1692g.

    (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex

      legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

35. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

37.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

38. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated

various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5) and 1692e(10).

40. Pursuant to Section 15 U.S.C. §1692e of the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41. The Defendant violated said provision by:

    a. Falsely representing the amount of the debt in violation of 15 U.S.C. §1692e(2);

    b. Falsely representing the services rendered or compensation which may be lawfully received in violation of 15 U.S.C. §1692e(2)(B);

    c. Using false, deceptive and misleading representations in connection with the collection of a debt in violation of 15 U.S.C. §1692e(10).

42. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §1692f** *et seq.*

43. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

45. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

46. Defendant violated said section by:

    a. Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15  U.S.C. §1692g *et seq.***

48. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

49. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

50. The Defendant violated said section by:

    a. Failing to provide written notice containing the amount of the debt in violation of 15 U.S.C. § 1692g(1).

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692*g et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**Mass. Gen. Laws Ch. 93A**
**(Claim On Behalf Of Plaintiff And The Class)**

52. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. General Laws c. 93A, § 2(a), prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

54. The Massachusetts Attorney General is empowered to implement rules and regulations interpreting this provision. G. L. c. 93A, § 2(c).

55. The class consists of a) All consumers who have an address in the Commonwealth of Massachusetts b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to MELROSE WAKEFIELD HEALTHCARE d) which attempts to collect an amount not expressly authorized by the agreement creating the debt or permitted by law  e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

56. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect debts.

57. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

58. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's practice, of calling consumers far in excess of two times per week, violates General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f).

59. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

60. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor Plaintiff's attorneys have any interests, which might cause them not to vigorously pursue this action.

61. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (c) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    (d) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's practice, of calling consumers far in excess of two times per week, violates General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f).

    (f) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (g) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class

      members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

  (h)  **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

62. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

63. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

64. By reason thereof, Defendant is liable to the Plaintiff and the class for judgment that Defendant's conduct violated General Laws c. 93A, § 2 (a) and 940 Code Mass. Regs. 7.04(1)(f), statutory damages, trebled damages, costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff and the Class statutory damages;

(b) Awarding Plaintiff and the Class costs of this Action, including reasonable attorneys' fees and expenses;

(c) Awarding pre-judgment interest and post-judgment interest; and

(d) Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: October 29, 2020

By:  /s/ Kevin Crick
Kevin Crick, Esq.
BBO: 680950
Rights Protection Law Group, PLLC
100 Cambridge St., Suite 1400
Boston, MA 02114
Phone: (617) 340-9225
Fax: (888) 622-3715
k.crick@rightsprotect.com
*Attorney for Plaintiff*

/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
**Pro Hac Vice Application to be Filed**
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
YZelman@marcuszelman.com
*Attorneys for Plaintiff*